UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BONNIE PARKS, Individually and as | ) | |
| Guardian and Next Friend of Melaney | ) | |
| Parks, a Minor, | ) | Civil Action No. 6: 07-346-DCR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STEPHEN R. COLLINS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of several motions to remand and for costs and attorney fees pursuant to § 1447(c).  [Record Nos. 10, 11, 12, 13 and 14]  More specifically, the Plaintiff and several of the Defendants claim that the removal of this action was untimely and lacks unanimous consent of all Defendants.  The removing Defendant, Master Lock Company, LLC ("Master Lock"), contends that removal was proper and that costs are not warranted under the circumstances presented.

Having reviewed the parties' briefs and the relevant law, the Court finds that the removal of this action was untimely under § 1446(b) and will grant the motion to remand.  However, because the Court cannot conclude that Master Lock's grounds for removal were objectively unreasonable, the parties' motion for costs and attorney fees will be denied.

## I.     Background

The Plaintiff filed this action in Laurel Circuit Court on February 24, 2006, against Defendants Stephen R. Collins, Christopher A. Loffer, and Nationwide Mutual Insurance Company ("Nationwide"), alleging damages in connection with a motor vehicle accident on October 15, 2005. According to the Complaint, Plaintiff Bonnie Parks was injured when the vehicle driven by Collins crossed the center line and struck her vehicle.  Defendant Loffer allegedly owned the vehicle, and Nationwide provided insurance for Bonnie Parks, including underinsured motorist benefits.

Subsequently, on October 6, 2006, the Laurel Circuit Court allowed Penny Parks, who also claims to have been injured in the accident, to intervene in the action as a Plaintiff. Additionally, the court allowed Defendant Collins to implead Master Lock on the theory that Master Lock was responsible for the injuries as the result of an allegedly defective trailer hitch on Collins' vehicle.  Finally, the court allowed the Plaintiff to amend her Complaint to state a products liability claim directly against Master Lock.

Approximately one year later, on October 10, 2007, Master Lock unilaterally removed the action to this Court, claiming that all the other Defendants should be re-aligned so that their consent would not be required for removal.  According to Master Lock, the predominant issue in the case is whether Master Lock is liable, and the liability and interests of the other Defendants are directly adverse to its interests.  Master Lock further asserts that removal is timely under the thirty day provision of § 1446(b) because it just received notice through the

parties' responses to interrogatories that the other Defendants would not settle until after Master Lock's liability is determined.

The Plaintiff, Defendants Collins, and Nationwide oppose removal because they assert it violates the rule of unanimity and is untimely. They contend that this matter is nothing more than a common negligence action and that Collins' liability, as well as the liability of the insurance Defendants, is just as important as Master Lock's liability. Additionally, the parties opposing removal assert that Master Lock has misconstrued Collins' and the insurance Defendants' positions on settlement, as no offers or demands have been made and there is no foundation for Master Lock's contention that the other parties will not pay until Master Lock's liability is determined.

The Plaintiff, Defendant Collins, and Defendant Nationwide further assert that removal is untimely because it occurred approximately one year after Master Lock was first served with Summons. In particular, the non-removing parties argue that Master's Lock reliance on the responses to the interrogatories is improper because they "add no new information to this case that was not present when Master Lock was originally added as a Defendant over a year ago." [Record No. 10, p. 9; *see also* Record No. 13p. 5-6]

## II.    Discussion

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). In

determining whether diversity jurisdiction exists in a given case, the Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)).

"Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). However, the court is not required to raise issues of timeliness or other procedural requirements *sua sponte*. *See, e.g.*, *May v. Johnson Controls, Inc*. 440 F. Supp. 2d 879, 881 (W.D. Tenn. 2006). Instead, the burden is on the non-removing party to raise these arguments within thirty days of the filing of the notice of removal, or the right to remand is waived. *See* 28 U.S.C. § 1447(c); *Grudzinski v. Staren*, 87 Fed. App'x 508, 512 (6th Cir. 2004) (holding that failing to object to an untimely removal waives the argument "because untimely removal is a procedural rather than a jurisdictional defect").

Nonetheless, once the non-removing party moves to remand based on a procedural defect, the statutory procedures for removal are to be strictly construed, and any doubts concerning jurisdiction should be resolved in favor of remand. *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removing party bears the burden of establishing that jurisdiction existed at the time of removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

### A.        Timeliness of Removal

The statute governing the timeliness of removal, 28 U.S.C. § 1446(b), "provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).  That section states, in relevant part,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Under a plan reading of the statute, "[t]he first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman*, 969 F.2d at 161.  However, if the case stated by the initial pleading is not removable, the second paragraph provides that the notice of removal may be filed within thirty days of the receipt of any amended pleading or other paper from which the defendant can first ascertain that the case is removable. *Id*.

Notably, "the timeliness requirement of the second paragraph of section 1446(b) does not play *unless 'the case stated by the initial pleading is not removable*.'" *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added); *see also Loftis v. UPS*, 342 F.3d 509,

516 (6th Cir. 2003) (holding that a case may be removed "within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable"); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 535 (6th Cir. 2000) (holding that the one year limitation on removal cases provided by the second paragraph of section 1446(b) "applies only to those that were not initially removable").

In the present case, it is undisputed that the underlying action in Laurel Circuit Court has been removable on the basis of diversity jurisdiction since it was initially filed on February 24, 2006.  It also undisputed that the case was removable when Master Lock was joined through a third party complaint, as well as when the Plaintiff filed an amended complaint asserting claims directly against Master Lock. Accordingly, the first paragraph of section 1446(b) controls the removal of this case, and Master Lock was required to file a notice of removal within thirty days of its receipt of the initial pleading or summons. *Loftis*, 342 F.2d at 516; *Bosky*, 288 F.3d at 211. The record reflects that Master Lock was first brought into this action on October 6, 2006, but did not file its notice of removal until over one year later, on October 10, 2007.  Therefore, the removal is untimely, and remand is required under the first paragraph of § 1446(b).

However, even if the "other paper" provision of the second paragraph of § 1446(b) was applicable to the current case, the Court is not persuaded by Master Lock's argument for re-aligning *all* the other Defendants against it for purposes of determining whether the rule of unanimity has been violated.  Generally, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or

-6-

otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly*, 184 F.3d at 533 n.3.  There are only three exceptions to this general rule: "when 1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; 2) the non-joining defendant is merely a nominal or formal party; and 3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Lausin v. Bishko*, 2007 U.S. Dist. LEXIS 50488, at *6 (N. D. Ohio July 11, 2007) (quoting *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 970 n.4 (S.D. Ohio 2003)).

Here, Master Lock's removal of this action violates the rule of unanimity.   In fact, Master Lock has failed to even allege that any of these recognized exceptions apply.  Likewise, the cases cited by Master Lock do not provide any support for re-aligning all the other Defendants in what the parties have aptly described as a "basic negligence claim" that is "no different than any other case in which there are allegations of joint tort-feasors." [Record No. 13, p.4]  The first case cited by Master Lock, *Miller v. Occidental Chemical Corp*., 2005 WL 2406102 (W.D.Ky. 2005), involves one of the widely-accepted exceptions to the rule of unanimity, fraudulent joinder, and fails to even mention re-alignment as proposed by Master Lock. Similarly, while the court's analysis in *Safeco Insurance Co. v. City of White House*, 36 F.3d 540 (6th Cir. 1994), does involve re-aligning the parties, it does so in the context of establishing diversity jurisdiction.  Here, diversity jurisdiction is not at issue, and the Court fails to see any rationale for applying the principles of re-alignment to an almost two-year old case that was unilaterally removed more than one year after the removing Defendant was joined to the action.  Therefore, the non-removing parties' motions to remand will be granted.

### B.     "Just Costs" under 28 U.S.C. § 1447(c)

Having concluded that this action was improperly removed, the Court must determine whether costs and attorney fees are warranted under the circumstances presented.  Title 28, section 1447(c), of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of attorney fees in connection with a motion under 28 U.S.C. § 1447(c) "is within the sound discretion of the district court". *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).

In determining whether fees should be awarded in a given case, the Supreme Court has explained that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).  Here, although Master Lock's argument regarding removable is not supported by the statute or existing case law, the Court is unable to conclude that the basis was wholly objectively unreasonable. Admittedly, this is a close question.  However, the Court chooses to err on the side of not awarding fees under the circumstances presented.  Accordingly, the Plaintiff and Defendant Nationwide's motions for attorney fees will be denied.

-8-

**III.    Conclusion**

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      The Plaintiff's Motion to Remand [Record No. 12], Defendant Stephen Collins'

Motion Remand [Record No. 10] and Defendant Nationwide Insurance Company's Motion to

Remand [Record No. 13] are **GRANTED**.

2.      The Plaintiff and Defendant Nationwide Insurance Company's Motions for

Attorney Fees [Record Nos. 11, 14] are **DENIED**.

3.      This action is **REMANDED** to the Laurel Circuit Court for further proceedings.

This 31st day of January, 2008.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**